UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 07-3395-Bandstra

UNITED STATES OF AMERICA

v.

TAHMEED AHMAD,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ____ Yes  _X_ No.  If yes, was it pending in the Central Region? ____ Yes ____ No

2. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 2003? ____ Yes  _X_ No

3. Did this matter originate from a matter pending in the Narcotics Section (Miami) of the United States Attorney's Office prior to May 18, 2003? ____ Yes  _X_ No

4. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ____ Yes  _X_ No

5. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? ____ Yes  _X_ No

        Respectfully submitted,

        R. ALEXANDER ACOSTA
        UNITED STATES ATTORNEY

BY: _____
        ARMANDO ROSQUETE
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 0648434
        99 N. E. 4th Street, 6th Floor
        Miami, Florida  33132-2111
        Tel: (305) 961-9377
        Fax: (305) 530-7976

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

v.

TAHMEED AHMAD

CRIMINAL COMPLAINT

CASE NUMBER: 07-3295-Bandstra

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about October 21, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant, TAHMEED AHMAD, forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with United States Air Force Military Police Officers, persons designated in Title 18, United States Code 1114, while such employees were engaged in an on account of the performance of their official duties, and in the commission of these acts used a deadly and dangerous weapon; in violation of Title 18, United States Code, Sections 111(a) and (b).

I further state that I am a Senior Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

(See Attached Affidavit)

_____
Richard W. Lunn, Senior Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,

October 22, 2007                      at  Miami, Florida
Date                                      City and State

TED E. BANDSTRA
UNITED STATES MAGISTRATE JUDGE        _____

Name and Title of Judicial Officer        Signature of Judicial Officer

## Affidavit in Support of a Criminal Complaint

1.  I, Richard W. Lunn, Special Agent (SA), with the Federal Bureau of Investigation, Homestead, Florida, being duly sworn, state as follows:

2.  I am currently employed by the Federal Bureau of Investigation, as an Acting Supervisory Special Agent for the F.B.I.'s Homestead and Key West offices. In that capacity, my duties include the investigation of violent crimes, fraud, terrorism-related matters and other violations of Title 18 of the United States Code. I have approximately 19 years of law enforcement experience.

3.  The facts and information in this affidavit are based upon my personal knowledge as well as the observations of other law enforcement agents and officers involved in this investigation. This affidavit is not intended to include each and every fact and matter observed by me or known to the government. This affidavit is in support of a criminal complaint against TAHMEED AHMAD for a violation of Title 18, United States Code, Section 111(a)(1) and (b) (Assault of a United States Government Employee).

4.  On or about October 21, 2007, at approximately 11:30 PM, the subject, TAHMEED AHMAD, attempted to breach the gate at the Homestead Air Force base, which was guarded by military police officers. The military police officers are persons designated in Title 18, United States Code 1114 for purposes of charging a violation of Title 18, United States Code, Section 111(a)(1).

5.  When the military police officers confronted AHMAD, he exited his vehicle armed with two butcher-type knives and charged the military police officers. The military police officers fired at AHMAD in defense and subsequently arrested him. AHMAD was uninjured and eventually detained. AHMAD made several comments to

1

the effect of "Death to America," that he wanted to kill American soldiers, and that he was planning to use Molotov cocktails (of Vodka) to attack the base.

6. After waiving his Miranda rights, your affiant interviewed AHMAD. AHMAD stated that prior to the assault, he went to a Wal-Mart in Miami-Lakes and purchased the two knives and that he also purchased from a liquor store two magnum bottles of vodka that he hoped to use as Molotov cocktails. AHMAD stated that he was trying to commit "suicide by cop." AHMAD also stated that he would have used a firearm, but that when he attempted to purchase a firearm approximately one week ago, the dealer refused to sell him the firearm because AHMAD had not lived in Florida for ninety days as required by statute.

7. Based on the forgoing, there is probable cause to believe that TAHMEED AHMAD has violated Title 18, United States Code, Section 111(a)(1), that is, assaulting resisting, opposing, impeding, intimidating and interfering with an employee of the United States Government.

FURTHER AFFIANT SAYETH NAUGHT

_____
Richard W. Lunn, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
This 22th day of October 2007

_____
TED E. BANDSTRA
UNITED STATES MAGISTRATE JUDGE

2